UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT A. DOLLINGER,

         **Plaintiff,**

vs.               3:14-CV-908
                  (MAD/DEP)
**NEW YORK STATE INSURANCE FUND,**

         **Defendant.**

_____

**APPEARANCES:**          **OF COUNSEL:**

**ROBERT A. DOLLINGER**
84 State Line Road
Vestal, New York 13850
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**     **JOSHUA L. FARRELL, ESQ.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

  *Pro se* plaintiff, Robert Dollinger, brought this action against his employer, the New York State Insurance Fund ("NYSIF"), alleging discrimination, retaliation, and hostile work environment based on his disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). *See* Dkt. No. 1. Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5-1. Plaintiff responded, filed a cross-motion to amend his complaint, and submitted a proposed amended complaint in support of his motion. *See* Dkt. No. 8-1.

  On March 30, 2015, the Court issued a Memorandum-Decision and Order granting in part

and denying in part Defendant's motion to dismiss. *See* Dkt. No. 10 at 21. The Court dismissed Plaintiff's Title VII discrimination, retaliation, and hostile work environment claims, as well as Plaintiff's ADA discrimination claims, but denied the motion as to Plaintiff's ADA hostile work environment and retaliation claims. *See* Dkt. No. 10 at 22. Moreover, the Court granted Plaintiff's cross motion to amend the complaint. Thereafter, Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure seeking dismissal of the amended complaint. *See* Dkt. No. 20-1. Plaintiff opposed the motion and filed a cross-motion to amend his complaint, but failed to submit a proposed amended complaint. *See* Dkt. No. 23, 25. On August 26, 2015, Plaintiff filed his proposed amended complaint. *See* Dkt. No. 27. Defendant opposed Plaintiff's motion for leave to amend. *See* Dkt. No. 26. Currently before the Court is Defendant's motion for judgment on the pleadings and Plaintiff's motion to amend the amended complaint. Also before the Court is Defendant's letter motion asking the Court to disregard Plaintiff's proposed second amended complaint.

## II. BACKGROUND

**A.     Defendant's Motion for Judgment on the Pleadings**

On June 2, 2015, Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that "[b]ecause the Eleventh Amendment to the United States Constitution affords the New York State Insurance Fund [] sovereign immunity from Plaintiff's two remaining causes of action . . .", Plaintiff's amended complaint must be dismissed. *See* Dkt. No. 20-1 at 1. Defendant argues that the Eleventh Amendment bars a citizen from bringing a federal action against his state and its agencies, regardless of the type of relief sought, unless the state waives immunity or Congress exercises its power under the Fourteenth Amendment to override immunity. *See id.* at 3-4. Further, Defendant argues that the NYSIF was held to be a "state agency" within the meaning of the Eleventh Amendment by the

2

Second Circuit, and therefore entitled to sovereign immunity. *See id.* at 4. Finally, Defendant argues that because Title I of the ADA "constitutes the exclusive remedy for employment discrimination claims under the ADA," and because Title I claims are barred by the Eleventh Amendment, Plaintiff's claims must be dismissed. *See id.*

**B.     Plaintiff's Motion to Amend the Complaint**

On July 31, 2015, Plaintiff filed a motion to amend the complaint, arguing that there is no undue delay, repeated failure to cure deficiencies, undue prejudice, or futility, absent which, the Court must grant Plaintiff leave to amend and supplement the pleadings. *See* Dkt. No. 25 at 3. Plaintiff contends that there has been no undue delay because "the parties are within the discovery time frame . . . and no depositions have been conducted." *See id.* Plaintiff argues that there has been no repeated failure to cure deficiencies in the pleadings because there has only been one prior amendment to the complaint. *See id.* Further, Plaintiff asserts that granting the amendment would not create undue hardship because the only claims that would be added would be retaliation claims stemming from events that occurred after the original complaint was filed. *See id.* Finally, Plaintiff argues that granting the amendment would not be futile because the claims of retaliation to be added to the amended complaint would survive a motion to dismiss. *See id.* at 3-4. Plaintiff, however, failed to include with his motion to amend a proposed amended complaint.     After Defendant had already responded to Plaintiff's motion to amend, primarily on the ground that Plaintiff failed to attach a proposed pleading, Plaintiff filed a proposed amended complaint. *See* Dkt. No. 27. In a one-page response, Defendant asks the Court to disregard the proposed amended complaint because the filing disregarded the briefing schedule set by the Court and because it was not submitted until after Defendant had already submitted its response to Plaintiff's motion to amend, thereby preventing Defendant from responding to the merits of the proposed pleading. *See* Dkt. No. 30.

3

## III. DISCUSSION

### A. Standard of Review

In deciding a Rule 12(c) motion, the court "'employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the party's claim, accepting as true all well-pleaded facts and drawing all reasonable inferences in favor of the pleader. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the complaint must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). When the pleader is *pro se*, the court must hold their pleadings to a more lenient standard than "formal pleadings drafted by lawyers." *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

According to Rule 15 of the Federal Rules of Civil Procedure, since a responsive pleading has already been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. 15(a)(2). In particular, a *pro se* litigant "should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). However, leave will only be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

4

virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.     Sovereign Immunity**

Under the Eleventh Amendment of the United States Constitution, states and their agencies are not amenable to suit by their citizens in federal court unless the state waives immunity or Congress unambiguously exercises its power under section five of the Fourteenth Amendment to override immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). A state is deemed to have waived its Eleventh Amendment protection "only where stated 'by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

Section Five of the Fourteenth Amendment states as follows: "The Congress shall have the power to enforce by appropriate legislation, the provisions of this article." U.S. CONST. AMEND. XIV, § 5. Acting pursuant to this section, Congress can abrogate a state's sovereign immunity by enacting "appropriate legislation" to that end, meaning legislation enacted "pursuant to a valid grant of constitutional authority." *Id.*; *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *see e.g.*, *Will*, 491 U.S. at 66. However, such legislation must be an "unequivocal expression of congressional intent" to override the sovereign immunity of the state. *Atascadero State Hosp.*, 473 U.S. at 240 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)).

In *Bd. of Trustees of Univ. of Alabama v. Garrett*, the Supreme Court examined whether Congress effectively abrogated sovereign immunity by enacting Title I of the ADA, which governs employment discrimination. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S.

5

356 (2001). The Court held that the ADA was not within the scope of Congress's constitutional authority under Section One of the Fourteenth Amendment. The Equal Protection Clause does not require states to make special accommodations for the disabled, as long as they have a rational basis for their actions. *Id.* at 367 (citing *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432 (1985)). Although Congress is not strictly limited to the Supreme Court jurisprudence on the matter, legislation that goes beyond the scope of Section One must demonstrate a "congruence and proportionality between the injury to be prevented or remedied and the means adopted." *Garrett*, 531 U.S. at 365 (internal quotation omitted).

In examining the legislative record, the Court found that it "simply fail[ed] to show that Congress did in fact identify a pattern of irrational state discrimination in employment against the disabled." *Id.* at 368. Therefore, Congress' enactment of Title I of the ADA was not an exercise of its power under Section Five, and does not allow private citizens to sue states and their agencies in federal court under this provision. *Id.* at 374. By this same reasoning, claims brought pursuant to Title V of the ADA, which governs retaliation, are also barred by the Eleventh Amendment. *Warren v. Goord*, No. 99 CV 296F, 2006 WL 1582385, *17 (W.D.N.Y. May 26, 2006), *aff'd*, 2008 WL 5077004 (2d Cir. Nov. 26, 2008); *Salvador v. Lake George Park Commission*, No. 1:98-CV-1987, 2001 WL 1574929, *3 (N.D.N.Y. Apr. 26, 2001), *aff'd sub nom.*, *Salvador v. Adirondack Park Agency of the State of New York*, 35 Fed. Appx. 7 (2d Cir. 2002).

In a suit against a state or state agency, a plaintiff's claim will be barred by sovereign immunity regardless of whether the relief sought is monetary or injunctive. *Seminole Tribe of Fla.*, 517 U.S. at 58 ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Penhurst*, 465 U.S. at 100. However, under the doctrine set forth in *Ex Parte Young*, 209 U.S.

123 (1908), a suit may proceed against a state official in his or her official capacity – notwithstanding the Eleventh Amendment – when a plaintiff "alleges an ongoing violation of federal law" and seeks injunctive relief "properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotation and other citations omitted). "Such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities." *Ghent v. Moore*, 519 F. Supp. 2d 328, 334 (W.D.N.Y. 2007) (citing *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 32 (2d Cir. 1991)) (other citations omitted).

The amended complaint as pled does not entitle Plaintiff to relief. Plaintiff filed this action solely against the NYSIF. The amended complaint does not name any other persons in either their official or individual capacities. *See* Dkt. No. 12. at ¶ 3. In a previous suit against Defendant, the Second Circuit held that the NYSIF is a state agency, and therefore "entitled to sovereign immunity." *Perry v. State Ins. Fund*, 83 Fed. Appx. 351, 353 (2d Cir. 2003). Plaintiff's only remaining claims are hostile working environment and retaliation claims brought pursuant to Title I of the ADA. *See* Dkt. No. 10 at 18, 21. Since Defendant's immunity has not been waived and claims under Title I of the ADA did not override sovereign immunity, Plaintiff's claims are barred by the Eleventh Amendment. For these reasons, Defendant's motion for judgment on the pleadings is granted.

**C.    Leave to Amend or Supplement the Complaint**

Insofar as Plaintiff intends to sue the NYSIF under the ADA, his claims are barred by the Eleventh Amendment. However, in his proposed second amended complaint, Plaintiff names sixteen individuals in addition to the NYSIF and its Board of Commissioners. Because the only relief Plaintiff seeks is that Defendant "cease and desist from wrongful activity," he is able to bring suit against the individual actors in their official capacity under the *Ex Parte Young*

7

exception. *See* Dkt. No. 12 at 15. Plaintiff may bring a valid claim against the individuals that perpetrated the harassment and retaliation, named in their official capacity; therefore, granting leave to amend would not be futile in this case.

Additionally, the Court notes that, in his proposed second amended complaint, Plaintiff has alleged violations not only of his rights under the ADA, but also violations of the Rehabilitation Act. *See* Dkt. No. 27 at 4 (alleging violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973). Since New York and its agencies have continued to accept federal funds, the courts in the Second Circuit have repeatedly held that sovereign immunity has been waived for claims brought pursuant to Section 504 of the Rehabilitation Act. *See, e.g.*, *Quadir v. New York State Dep't of Labor*, 39 F. Supp. 3d 528, 537 (S.D.N.Y. 2014) (citing cases); *Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 331-32 (E.D.N.Y. 2014) (citing cases).

There has been no undue delay because Plaintiff filed this motion in July 2015 and some of the events Plaintiff intends to add to his complaint occurred as recently as June and July 2015. There has been nothing to suggest bad faith on Plaintiff's part, and Plaintiff has not repeatedly failed to cure deficiencies, as there has only been one prior amendment to the complaint. Finally, granting the amendment would not unduly prejudice Defendant. Finally, the Court notes that, although Defendant argued prejudice because the proposed second amended complaint was filed after it filed its opposition to Plaintiff's motion to amend, Defendant did not seek to supplement or amend its original response to the proposed pleading.

In light of the special solicitude afforded to *pro se* litigants and for the reasons set forth above, the Court grants Plaintiff's motion to amend.

### IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the

applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion to amend the complaint is **GRANTED**; and the Court further

**ORDERS** that Defendant's letter motion (Dkt. No. 30) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall accept for filing Plaintiff's proposed second amended complaint (Dkt. No. 27), which is now the operative pleading in this matter; and the Court further

**ORDERS** that all further non-dispositive pretrial matters are referred to Magistrate Judge Peebles; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 10, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge